IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON TIMOTHY KARGBO,<br><br>Defendant. | Case No. 3:24-cr-120<br><br>**UNITED STATES' MOTION TO CONTINUE TRIAL** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Matthew P. Kopp and Alexander J. Stock, Assistant United States Attorneys, moves to continue the trial currently scheduled to commence on October 28, 2025. The ends of justice necessitate a continuance to ensure continuity of counsel for the United States and to allow time for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

The grand jury returned an Indictment against Defendant Aaron Kargbo on July 17, 2024. (Doc. 2.) The statutory speedy trial clock started when Kargbo made his initial appearance two days later. (Doc. 5); see 18 U.S.C. § 3161(c)(1). The clock immediately tolled, however, because the United States moved for pretrial detention. (Doc. 5); see 18 U.S.C. § 3161(h)(1)(D). The Court granted the motion for detention on July 23, 2024. (Doc. 17.)

The clock then ran for 37 days from July 24, 2024, through August 29, 2024. On August 30, 2024, the clock stopped again because Kargbo filed a motion in limine. (Doc. 22); see United States v. Bloate, 655 F.3d 750, 753 (8th Cir. 2011) ("The time while a

motion in limine is pending is excludable under the Speedy Trial Act."). Before the Court ruled on the motion in limine, Kargbo filed a motion to continue trial along with a signed waiver of speedy trial rights. (Docs. 28, 28-1.) The Court granted that motion and found the motion in limine moot. (Doc. 30.) Since then, Kargbo has moved to continue trial two additional times along with signed waivers of speedy trial rights. (Docs. 36, 38, 40, 41.) The Court granted those motions as well. (Docs. 39, 42.) As a result, all time has been excluded from August 30, 2024, through the current trial date of October 28, 2025. That leaves 33 days on the speedy trial clock.

AUSA Alex Stock is assigned to another case with trial before this Court also scheduled to begin on October 28, 2025: United States v. Jessica Trottier, Case No. 3:22-cr-184. The United States believes that case will proceed to trial and last approximately four weeks. Almost immediately after that trial, AUSA Matthew Kopp is assigned to several cases likely to proceed to trial throughout December and January: a 3–4 day trial in United States v. Jody Bady, Case No. 3:23-cr-168, scheduled to begin on December 2, 2025; and a 2–3 week trial in United States v. Jesse Burnett, Case No. 3:23-cr-045, and a 5–6 day trial (which AUSA Stock is also assigned to) in United States v. Roberto Sandoval, Case No. 3:24-cr-177, both scheduled to begin on January 13, 2026.

Under 18 U.S.C. § 3161(h)(7)(A), a district court may grant an excludable continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A factor to consider in the ends-of-justice analysis is "[w]hether failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would

2

deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Failure to grant a continuance would unreasonably deny the United States continuity of counsel. "The government's need for continuity of counsel is a valid statutory ground for granting a continuance in the interest of justice." United States v. Richardson, 421 F.3d 17, 29 (1st Cir. 2005). The Eighth Circuit has endorsed an ends-of-justice continuance based on a conflict with counsel for the United States' trial schedule. United States v. Stackhouse, 183 F.3d 900, 901–02 (8th Cir. 1999). Other circuits and district courts have done the same. See, e.g., United States v. Stallings, 701 F. App'x 164, 170–71 (3d Cir. 2017) (affirming excludable continuance in part because prosecutor had "another multi-defendant trial" scheduled within a month of defendant's then-current trial date); United States v. Griffin, 194 F.3d 808, 824–25 (7th Cir. 1999) (same because "the prosecutor had another trial scheduled to begin that day"); United States v. Moutry, 46 F.3d 598, 600–01 (7th Cir. 1995) (same based in part on prosecutor "being involved with another trial" set two weeks after defendant's then-current trial date); United States v. Bomman, 2024 WL 4626241, at *2 (D. Mass. Oct. 30, 2024) (granting excludable continuance because "valid scheduling conflicts of either defense counsel or government counsel are a 'legitimate grounds' for granting a continuance under § 3161(h)"); United States v. Munyenzi, 2011 WL 1517951, at *2 (D.N.H. Apr. 20, 2011) (granting longer excludable continuance than defendant requested because of conflict with counsel for United States' existing trial schedule).

AUSA Stock is unavailable for trial on October 28, 2025, because of a conflict with another trial scheduled to begin on the same date. He has been assigned to this matter since August 2024. (Doc. 19.) Because this case was twice on the brink of trial in September 2024 and January 2025, AUSA Stock has spent considerable time preparing witnesses, exhibits, pretrial motions, and arguments to the jury. It would be unreasonable for another prosecutor unfamiliar with the case to be assigned and required to prepare for trial within the next three weeks. In addition, moving the trial within the remaining speedy trial period is not a feasible alternative because AUSA Stock will still be in trial likely through the end of November. AUSA Kopp will then start another trial shortly after at the beginning of December, leaving insufficient time to prepare for and try both cases. Continuity of counsel for the United States favors an ends-of-justice continuance.

If the Court is not inclined to grant an excludable continuance, the trial should then be moved to another date within the remaining 33 days on the speedy trial clock. The case would need to be reassigned to a different judge to avoid the obvious impossibility of two cases proceeding to trial on the same date before this Court. A continuance would allow for the new judge and new counsel for the United States at least minimal additional time to become familiar with the record, resolve pending pretrial motions, and prepare for trial.

The ends of justice outweigh Karbo's and the public's interest in trial beginning on October 28, 2025. The United States respectfully requests that the Court grant an excludable continuance for at least 90 days or, alternatively, reset the trial within the remaining 70-day period and reassign the case to a different judge.

Dated:  October 7, 2025

                                  JENNIFER KLEMETSRUD PUHL
                                Acting United States Attorney

By:   */s/ Matthew P. Kopp*
       MATTHEW P. KOPP
       Assistant United States Attorney
       ND Bar ID 09572
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       matthew.kopp@usdoj.gov
       Attorney for United States

By:   */s/ Alexander J. Stock*
       ALEXANDER J. STOCK
       Assistant United States Attorney
       ND Bar ID 07979
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       alexander.stock@usdoj.gov
       Attorney for United States