IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **S U P E R S E D I N G**<br>**I N D I C T M E N T** |
| v. | Case No. 3:24-cr-00120 |
| AARON TIMOTHY KARGBO | Violations:  21 U.S.C. § 846 and 18 U.S.C.<br>§ 1956(h) |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about October 2023 through the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, Eastern California, and elsewhere,

AARON TIMOTHY KARGBO

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amount involved in this conspiracy attributable to AARON TIMOTHY KARGBO, as a result of his own conduct, and of the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendant and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, California, and elsewhere;

2.      It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

3.      It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4.      It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

5.      It was further a part of said conspiracy that the defendant and others sent and received methamphetamine through the United States mail;

6.      It was further a part of said conspiracy that the defendant and others used peer-to-peer money transfer services, including but not limited to Cash App, to send and receive payment for and proceeds of methamphetamine sales;

7.     It was further a part of said conspiracy that the defendant and others traveled between the states of North Dakota and Minnesota to obtain, transport, and distribute methamphetamine;

8.     On or about March 15, 2024, AARON TIMOTHY KARGBO attempted to possess with intent to distribute approximately 2,664 grams of methamphetamine in Moorhead, Minnesota;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about October 2023 through the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, Eastern California, and elsewhere,

AARON TIMOTHY KARGBO

did knowingly combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce that involved the proceeds of specified unlawful activity, that is, a drug trafficking conspiracy: (1) with intent to promote the carrying on of that specified unlawful activity, and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

Manner and Means

The manner and means used to accomplish the objectives of this conspiracy included, among others, the following:

1.      The defendant and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, California, and elsewhere;

4

2.      The defendant and others would and did conduct financial transactions by collecting and transferring United States currency that was payment for and proceeds of methamphetamine sales;

3.      The defendant and others would and did conduct financial transactions by using peer-to-peer money transfer services, including but not limited to Cash App, to send and receive payment for and proceeds of methamphetamine sales;

4.      The purpose of these financial transactions was to promote the ongoing drug trafficking conspiracy and to conceal and disguise the nature, location, source, ownership, and control of its proceeds;

In violation of Title 18, United States Code, Section 1956(h).

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ NICHOLAS W. CHASE
NICHOLAS W. CHASE
United States Attorney

MPK/tah